# EXHIBIT A

**BRITCHER, LEONE & SERGIO, L.L.C.**
Tyrone F. Sergio, Esq. (Atty ID 041991996)
100 East Hanover Avenue, Suite 201
Cedar Knolls, NJ 07927
(973) 267-5200
Attorney for Plaintiff

|  |  |
|---|---|
| FREDERICK BLIND, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: ESSEX COUNTY<br>: DOCKET NO. ESX-L- |
| Plaintiff, | : |
|  | : |
|  | : **CIVIL ACTION** |
| -vs- | : |
|  | : |
| BARNWELL HOUSE OF TIRES, INC.; | : **COMPLAINT, JURY DEMAND, AND** |
| EAST COAST RETREADERS, LLC; | : **DESIGNATION OF TRIAL COUNSEL** |
| EAST COAST TIRE RETREADERS, | : |
| LLC; THE GOODYEAR TIRE AND | : |
| RUBBER COMPANY; JOHN DOE CORP. | : |
| 1-10, ABC CORP. 1-10, | : |
| fictitious names; | : |
|  | : |
| Defendants. | : |

Plaintiff, Frederick Blind, residing in the Borough of Glen Rock, County of Bergen and State of New Jersey, by way of complaint against the defendants, herein says:

## FIRST COUNT

### (Negligence)

1.   On or about January 2, 2024, and for some time prior thereto and thereafter, defendant, Barnwell House of Tires, Inc., is a business, partnership, corporation, and/or other legal entity

1

doing business at 112 Lehigh Drive in the Township of Fairfield, County of Essex, and State of New Jersey.

2.    On or about January 2, 2024, and for some time prior thereto and thereafter, defendants, East Coast Retreaders, LLC and/or East Coast Tire Retreaders, LLC, are businesses, partnerships, corporations, and/or other legal entities with headquarters located in West Babylon in the County of Suffolk and State of New York.

3.    The Defendants, John Doe Corp. 1-10, are fictitious names of businesses, partnerships, corporations, limited liability companies and are named fictitiously herein due to Plaintiffs' lack of information and knowledge as to the true identity of said John Doe Corp. 1-10.  At such time as the Plaintiffs learn the true identity of John Doe Corp. 1-10, this Complaint will be amended to reflect same.

4.    On January 2, 2024, the aforementioned Defendants, either individually or by and through their agents, servants, employees and/or assigns, were and are engaged in the business of retreading tires and/or selling retreaded tires in the State of New Jersey.

2

5.    On January 2, 2024, the Plaintiff, Frederick Blind, was caused to sustain serious and permanent injuries due to the defendants' failure to properly retread a truck tire resulting in its explosion, with said subject retread tire having been purchased from defendant, Barnwell House of Tires, Inc., location at 112 Lehigh Drive, Township of Fairfield, County of Essex, State of New Jersey.

6.    Defendants knew or should have known that the natural and probable consequence of their acts and/or omissions would result in injury and related damages, such as those suffered by the plaintiff. Defendants, utilizing ordinary care under similar circumstances, and/or complying with defendant Goodyear retreading protocols, should have foreseen that some injury and/or damage would probably result under the circumstances.  As such, Defendants should have acted and should have taken precautions to avoid the result suffered by the Plaintiff.

7.    As a direct and proximate cause of the negligence, carelessness, and recklessness of the Defendants, Plaintiff sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from

3

pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against the Defendants, Barnwell House of Tires, Inc., East Coast Retreaders, LLC, East Coast Tire Retreaders, LLC, John Doe, Corp. 1-10, and ABC Corp. 1-10, individually, jointly and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## SECOND COUNT

### (Gross Negligence)

1.    Plaintiff repeats and reiterates the allegations contained in the First Count of the Complaint as if set forth verbatim and at length herein.

2.    Defendants were grossly negligent insofar as their acts and/or failures to act created an unreasonable risk of harm to the Plaintiff.

3.    Defendants thoughtlessly disregarded the consequence that may follow from their actions and/or inactions and were done

4

or were not done without concern for the safety of others, including Plaintiff.

4. Defendants' acts or failures to act made the consequence of the Defendants' conduct reasonably foreseeable. Plaintiff's injury was a natural and probable result of the Defendants' failure to exercise diligence.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against the Defendants, Barnwell House of Tires, Inc., East Coast Retreaders, LLC, East Coast Tire Retreaders, LLC, John Doe, Corp. 1-10, and ABC Corp. 1-10, individually, jointly and/or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## ALLEGATIONS APPLICABLE TO ALL PRODUCT LIABILITY COUNTS

1. At all times material herein, the defendant, The Goodyear Tire and Rubber Company, with headquarters at 200 Innovation Way in the City of Akron, County of Summit and State of Ohio, is a manufacturer and seller of retreads for commercial truck tires including bonding material for said retreads, hereinafter referred to as "the Product".

5

2. Defendant, The Goodyear Tire and Rubber Company distributed the Product to various retailers in the State of New Jersey.

3. The Superior Court of New Jersey has personal jurisdiction and subject matter jurisdiction as the Defendant has transacted business in the State of New Jersey.

4. Venue is proper in the Superior Court – Essex County Vicinage as the defendant, Barnwell House of Tires, Inc., place of business is located at 112 Lehigh Drive, Township of Fairfield, County of Essex, State of New Jersey.

5. On or about January 2, 2024 and for some time prior thereto and thereafter, Defendant, The Goodyear Tire and Rubber Company, by and through its agents, servants, employees, and/or assigns, was and is engaged in the business of designing, manufacturing, exporting, marketing, labeling, and distributing and/or selling the Product to consumer and retailers in the State of New Jersey.

6. On or about January 2, 2024, the plaintiff, Frederick Blind, was injured using the Product for which it was intended and in the manner for which it was intended to be used.

## FIRST COUNT

### (Strict Liability)

1. Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts as if the same were set forth herein and at length.

2. The Product, as identified herein, when designed, manufactured, produced, distributed, marketed and sold by the Defendant, The Goodyear Tire and Rubber Company, was dangerous and defective in that it was negligently, defectively, and improperly designed and manufactured creating a foreseeable risk of inflicting harm and personal injuries to users, and more specifically, to the plaintiff, Frederick Blind.

3. As a result of the Defendant having designed, manufactured and/or sold the Product that was unreasonably dangerous to the user, and more specifically to the plaintiff, Frederick Blind, the defendant, as aforementioned, is strictly liable for the injuries sustained by the plaintiff.

4. As a direct and proximate cause of the failure of the Product to perform properly, the plaintiff sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment

7

of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## SECOND COUNT

### (Strict Liability – Fictitious Parties)

1. Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts and those contained in the previous Count as if the same were set forth herein and at length.

2. On or about January 2, 2024 and for some time prior thereto and thereafter, the defendants, ABC Corp. 1-10, were corporations, partnerships, sole proprietorships, companies, individuals or other entities which are either agents, servants, employees, independent contractors, subsidiaries, parent corporations or other legal entities that were hired, ordered, assigned or otherwise directed with the duty of designing,

8

manufacturing, selling, controlling, operating and/or maintaining the production, design, advertising, and/or marketing of the Product.

3.    The defendants, ABC Corp. 1-10, are named fictitiously herein due to plaintiff's lack of information and knowledge as to the true identity of said ABC Corp. 1-10. At such time as the plaintiff learns the true identity of ABC Corp. 1-10, this Complaint will be amended to reflect the same.

4.    On or about January 2, 2024, and for some time prior thereto and thereafter, the defendants, ABC Corp. 1-10, were and are manufacturers of the Product.

5.    Defendants, individually and/or by and through their agents, servants, employees and/or assigns, were and are engaged in the business of designing, manufacturing, producing, marketing, distributing and/or selling the Product in the State of New Jersey.

6.    The Product, as identified herein, when designed, manufactured, produced, distributed, marketed, and sold by the defendants, was dangerous and defective in that it was negligently, defectively, and improperly designed and manufactured creating a foreseeable risk of inflicting harm and personal injuries to users, and more specifically, to the plaintiff, Frederick Blind.

9

7.     On or about January 2, 2024, plaintiff was injured while using the Product for which it was intended and in the manner for which it was intended to be used.

8.     As a result of the defendants having designed, manufactured and/or sold the Product that was unreasonably dangerous to its users, and more specifically to the plaintiff, Frederick Blind, the defendants, as aforementioned, are strictly liable for the injuries sustained by the plaintiff.

9.     As a direct and proximate cause of the failure of the Product to perform properly, the plaintiff sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

10

## THIRD COUNT

### (Implied Warranty)

1.   Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts and those contained in the previous Counts as if the same were set forth herein and at length.

2.   Defendants, The Goodyear Tire and Rubber Company and ABC Corp. 1-10, by and through their agents, servants, employees, and/or assigns, breached an implied warranty of fitness for a particular purpose in that the Product failed to perform its intended function without causing injury to the user, and more specifically, to the plaintiff.

3.   As a result of the defendants' breach of implied warranty as aforesaid, the plaintiff, Frederick Blind, sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the

11

alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## FOURTH COUNT

### (Negligence - Design Defect)

1.    Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts and those contained in the previous Counts as if the same were set forth herein and at length.

2.    The defendants, The Goodyear Tire and Rubber Company and ABC Corp. 1-10, by and through their agents, servants, employees, and/or assigns, were negligent in the design of the Product in that the defendants knew, or should have known, that the Product contained design defects which would create, and did create, an unreasonable risk of harm to the user, and more specifically, to the plaintiff, and should have taken precautions to guard against said risk of harm.

3.    Defendants breached their duty of care to the plaintiff by failing to design a safe Product which could be used for its intended purpose without causing injury to the user.

12

4.    As a result of the defendants' negligent design of the Product as aforesaid, the plaintiff, Frederick Blind, sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

**FIFTH COUNT**

**(Negligence - Duty to Warn)**

1.    Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts and those contained in the previous Counts as if the same were set forth herein and at length.

2.    The defendants, The Goodyear Tire and Rubber Company and ABC Corp. 1-10, by and through their agents, servants, employees and/or assigns, owed a duty to all users of their Product, and

13

more particularly to the co-defendants and the plaintiff, Frederick Blind, to warn that their Product could present an unreasonable risk of harm to the user.

3.   Defendants breached their duty of care to the plaintiff by failing to adequately warn all users, and more particularly the co-defendants and the plaintiff, Frederick Blind, that their Product could present an unreasonable risk of harm.

4.   As a result of the defendants' failure to warn of the dangers as aforesaid, the plaintiff, Frederick Blind, sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

14

## SIXTH COUNT

### (Negligence - Duty to Monitor)

1. Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts and those contained in the previous Counts as if the same were set forth herein and at length.

2. The defendants, The Goodyear Tire and Rubber Company and ABC Corp. 1-10, by and through their agents, servants, employees and/or assigns, owed a duty to monitor the co-defendants in the manner in which they used the Product, and to ensure that the co-defendants complied with defendant Goodyear's retreading protocols including its use of defendant Goodyear's retreads and bonding materials and to warn that their Product could present an unreasonable risk of harm to the all users if the appropriate protocols and materials were not complied with and/or utilized.

3. Defendants breached their duty of care to the plaintiff by failing to adequately warn all users, and more particularly the co-defendants and the plaintiff, Frederick Blind, that their Product could present an unreasonable risk of harm.

4. As a result of the defendants' failure to monitor and warn as aforesaid, the plaintiff, Frederick Blind, sustained

15

serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

## SEVENTH COUNT

### (Negligence - Manufacturing Defect)

1.    Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts and those contained in the previous Counts as if the same were set forth herein and at length.

2.    All defendants, by and through their agents, servants, employees, and/or assigns, were negligent in the manufacture and/or inspection of the Product in that all defendants knew, or should have known, that the Product contained production and

16

manufacturing defects which would create, and did create, an unreasonable risk of harm to persons who used their product.

3.   As a direct and proximate cause of defendants' negligent manufacture of the Product, the plaintiff, Frederick Blind, sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

### EIGHTH COUNT

### (Violation of N.J.S.A. 2A:58C1-7)

1.   Plaintiff repeats and incorporates the foregoing Allegations Applicable to All Product Liability Counts and those contained in the previous Counts as if the same were set forth herein and at length.

17

2. ALL defendants herein designed, manufactured, distributed and/or sold the Product causing harm to the plaintiff. This Product was not reasonably fit, suitable or safe for its intended purpose because it a) deviated from the design specifications, formula, or performance standard of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formula or b) failed to contain adequate warnings or instructions or c) was designed in a defective manner in violation of N.J.S.A. 2A:58C1, et seq. of the Products Liability Act.

**WHEREFORE**, plaintiff, Frederick Blind, demands judgment against all defendants, individually, jointly, severally or in the alternative for compensatory damages, interest thereon, costs of suit and such other and further relief as the Court deems equitable and just.

### TIME UNIT RULE

Pursuant to R. 1:7-1b, plaintiffs will utilize the time unit argument, and this shall serve as notice to the defendants of that argument.

18

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff hereby demands that defendants provide answers to Form C and C(1) Interrogatories as set forth in the Appendix to the New Jersey Court Rules within the time set forth herein.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues of the within Complaint.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby states that Tyrone F. Sergio, Esq. is designated as trial counsel.

BRITCHER LEONE & SERGIO, LLC
Attorney for Plaintiff(s)

Dated: December 29, 2025          By: _Tyrone F. Sergio/s/_
                                      Tyrone F. Sergio
                                      ty@britcherleone.com

## CERTIFICATION

1. The within matter in controversy is not the subject of any other action pending in any court or any pending arbitration proceeding.

2. No other action or any arbitration proceeding is contemplated at this time.

19

3.  No other party should presently be joined in this action.


                                        _*Tyrone F. Sergio/s/*____
                                        Tyrone F. Sergio, Esq.

DATED: December 29, 2025

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-009822-25

**Case Caption:** BLIND FREDERICK  VS BARNWELL HOUSE OF TI RES, INC

**Case Initiation Date:** 12/29/2025

**Attorney Name:** TYRONE FREDERICK SERGIO

**Firm Name:** BRITCHER, LEONE & SERGIO, LLC

**Address:** 100 EAST HANOVER AVE STE 201 CEDAR KNOLLS NJ 07927

**Phone:** 9732675200

**Name of Party:** PLAINTIFF : Frederick Blind

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Frederick Blind?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
       **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/29/2025
Dated

/s/ TYRONE FREDERICK SERGIO
Signed